

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| RONGXIANG XU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE NOBEL ASSEMBLY AT KAROLINSKA INSTITUTET, a Swedish corporation, aka, NOBELFÖRSAMLINGEN, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. SACV13-320 JST (ANx)<br><br>**DISCOVERY MATTER**<br><br>[PROPOSED] **DISCOVERY CONFIDENTIALITY ORDER** |

Upon stipulation between Plaintiff Rongxiang Xu ("Plaintiff") and Defendant Nobel Assembly at Karolinska Institutet, on behalf of true defendant Nobel Foundation ("Defendant"), and finding good cause shown, in accordance with Federal Rule of Civil Procedure 26(c), **IT IS ORDERED** as follows:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Discovery Confidentiality Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Order creates no automatic entitlement to file confidential information under seal. Rather, the parties must request leave of Court to file documents under seal.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

2. DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Non-Party</u>: any third party that produced or produces any material to a Party in connection with this action, regardless of whether those materials are produced voluntarily or in response to a subpoena, or other form or informal discovery process.

2.3 <u>This Action</u>: means the above-captioned action pending in this Court, including any related discovery pretrial, post-trial or appellate proceedings.

2.4 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced to, or disclosed to, another party in this matter.

2.5 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible items that contain proprietary, confidential, private or trade secret information, or any that qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(G).

2.6 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.7 <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

2.8 <u>Producing Party</u>: a Party or non-party that produces Discovery Material in this action.

2.9 <u>Designating Party</u>: a Party or non-party that designates information or items as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2.10   Covered Material:  any Discovery Material that is designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2.11   Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.12   House Counsel:  attorneys who are employees of a Party.

2.13   Attorneys:  Outside Counsel and House Counsel (as well as their support staffs).

2.14   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.15   Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Covered Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, or presentations by parties or counsel to or in court or in other settings that might reveal Covered Material.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING COVERED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Coverage.</u> Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies as "Confidential" or "Highly Confidential—Attorneys' Eyes Only." A Designating Party must take care to designate for coverage only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which coverage is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for coverage do not qualify for coverage, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for coverage under this Order should be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the bottom of each page that contains covered material. If only a portion or portions of the material on a page qualifies for coverage, the Producing Party also must clearly identify the covered portion(s) (*e.g.*, by making "CONFIDENTIAL" markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for coverage until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection

shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for coverage under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the bottom-right of each page that contains Covered Material. Where large amounts of data are produced electronically on a CD-ROM, DVD-ROM, or hard drive ("disk") it is sufficient to label the disk itself "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Under such circumstances, the entirety of the data contained on the CD-rom or disk shall be treated as if each individual document it contains were so marked, and any excerpts printed from such electronically stored data shall be identified by the party using the excerpt as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.

   (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party designating the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" identify on the record, before the close of the deposition hearing, or other proceeding, all covered testimony. When it is unpractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for coverage, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which coverage is sought. Alternatively, if all parties agree, the entire deposition transcript may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately designated for coverage within the 20 days shall be covered by the provisions of this Order.

Transcript pages containing Covered Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

   (c) <u>for information produced in some form other than documentary, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant coverage, the Producing Party, to the extent practicable, shall identify the covered portions and specify whether those portions qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure coverage under this Order for such material. If material is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

  6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion to withdraw the designation. Such motion must set forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of coverage to which it is entitled under the Producing Party's designation.

6.4     Burden of Proof. Nothing in this Section 6 is intended to alter the established burdens of proof with regard to discovery disputes over the confidentiality of a particular document. At all times, the burden to demonstrate that a document was properly designated as confidential remains with the designating party.

7.     ACCESS TO AND USE OF COVERED MATERIAL

7.1     Basic Principles. A Receiving Party may use Covered Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such

Covered Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Covered Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Discovery Confidentiality Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e) Any employee, former employee, agent or independent contractor of any Party who is requested by Attorneys to assist in the defense or prosecution of this Action; provided, however, that disclosure of CONFIDENTIAL information to said individuals is made only to the extent reasonably necessary to perform such assistance and who have signed the "Agreement to Be Bound by Discovery Confidentiality Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Discovery Confidentiality Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Covered Material must be separately

bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

    (g) the author of the document or the original source of the information.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

    (a) the Receiving Party's Outside Counsel, House Counsel and employees of Counsel;

    (b) Experts (as defined in this Order) retained by the Receiving Party who have signed the "Agreement to Be Bound by Discovery Confidentiality Order" (Exhibit A);

    (c) the Court and its personnel;

    (d) court reporters, their staffs, and professional vendors retained by the Receiving Party who have signed the "Agreement to Be Bound by Discovery Confidentiality Order" (Exhibit A);

    (e) the author of the document or the original source of the information; and

    (f) witnesses in this litigation, provided, however, that the Receiving Party will disclose to the Producing Party its intention to share the particular document(s) with the witness before showing the witness the document(s), so that the Producing Party may seek intervention by the Court prior to disclosure.

  8. <u>COVERED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this

action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF COVERED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Covered Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Covered Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING COVERED MATERIAL

10.1. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial. This Order applies only to information disclosed during the course of pretrial discovery in this Action. Any dispute regarding the use of any CONFIDENTIAL information at the trial of this Action will be resolved by the Court.

10.2 No party may file in the public record any Covered Material, unless: (1) the party has obtained prior written permission from the Designating Party; (2) the party is filing the documents pursuant to a court order secured after appropriate notice to all interested persons; or (3) the documents are filed under seal pursuant to this Court's Local Rule 79-5. The deliberate or inadvertent filing any Covered Material without written permission from the Designating Party or a court order does not change the covered nature of the material.

## 11. FINAL DISPOSITION

At the conclusion of this action and after any appeals, all Covered Material furnished pursuant to this Order, and all copies thereof, shall be returned to the attorneys of record for the Producing Party or destroyed by counsel for the Receiving Party. Within 120 days of the conclusion of this action and its appeals, counsel for the Receiving Party shall notify counsel for the Producing Party in writing that such return and/or destruction has taken place. As used in this subdivision, "all Covered Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Covered Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Covered Material. Any such archival copies that contain or constitute Covered Material remain subject to this Discovery Confidentiality Order as set forth in Section 4 (DURATION), above.

///

[PROPOSED] DISCOVERY CONFIDENTIALITY ORDER

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Discovery Confidentiality Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any grounds. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Discovery Confidentiality Order.

12.3 <u>Obligation to Timely Respond</u>. Nothing in this Order shall be construed to relieve any Party from the obligation to respond timely to discovery requests.

SO ORDERED:

DATED: June 17, 2013

HONORABLE ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Discovery Confidentiality Order that was issued by the United States District Court for the Central District of California on _____, 2013 in *Rongxiang Xu v. The Nobel Assembly at Karolinska Institutet*, SACV13-320. I agree to comply with and to be bound by all the terms of this Stipulated Discovery Confidentiality Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulated Discovery Confidentiality Order, and will not copy or use except for purposes of this action, any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY that I receive or review as part of this action.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Discovery Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

333 S. Grand Avenue
Los Angeles, CA 90071-1543

13
[Proposed] DISCOVERY CONFIDENTIALITY ORDER